IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALANA JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-026 |
| | ) | |
| STATE, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On September 21, 2022, the Clerk of Court in the Northern District of Georgia filed an application for a writ of habeas corpus from Petitioner that challenges a judgment of conviction entered in the Superior Court of Richmond County. (See doc. no. 1.) Petitioner, a resident of Lee Arrandale State Prison, submitted her application on a state court form. (Id. at 1.) Petitioner also submitted a "Motion to Set Aside and Vacate Sentence and Release" on a state form. (Doc. no. 2.) On March 15, 2023, United States Magistrate Judge J. Clay Fuller transferred the case to the Southern District of Georgia. (Doc. no. 3.)

**I.     Payment of the $5.00 Filing Fee or Submission of a Motion to Proceed IFP**

The Court has received no filing fee from Petitioner in association with this case. Accordingly, the Clerk of Court issued a deficiency notice upon opening the case directing Petitioner to either pay the $5.00 filing fee or move to proceed *in forma pauperis* ("IFP"), warning failure to do so may result in dismissal. (Doc. no. 2.) If Petitioner intends to pursue federal habeas relief pursuant to § 2254 as explained below, Petitioner must either pay the

$5.00 filing fee or submit a complete IFP motion, with supporting documentation, within twenty-one days of the date of this Order. Failure to timely comply with this Order may result in a recommendation this case be dismissed without prejudice. The Court **DIRECTS** the **CLERK** to attach a copy of the appropriate IFP paperwork to Petitioner's service copy of this Order.

II.     **New Petition Required**

Because Petitioner submitted her habeas corpus application on state court forms, it is unclear whether she actually intended to seek state habeas relief, or federal habeas relief pursuant to 28 U.S.C. § 2254. If Petitioner is indeed seeking federal habeas relief pursuant to § 2254, she must refile her petition on the standard form used by incarcerated litigants in the Southern District of Georgia.

Furthermore, the Court must inform Petitioner any future § 2254 petition will be subject to restrictions on "second or successive" filings, see 28 U.S.C. § 2244(b)(3)(A), and this case, should she choose to proceed with a federal habeas corpus petition, is her opportunity to raise all federal habeas claims she now believes she has. See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also In re Jones, No. 14-11256-A, slip op. at 3-4 (11th Cir. Apr. 9, 2014) (applying Castro principles to § 2254 petition). Moreover, any petition filed pursuant to § 2254 is subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including the one-year statute of limitations and the requirement for exhausting the remedies available to Petitioner by any state court procedure. See 28 U.S.C. §§ 2244(d)(1) and 2254(b)(1)&(c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act on [her] claims before [s]he presents those claims to a federal court in a habeas petition.")

Therefore, if Petitioner intends to pursue federal habeas relief pursuant to § 2254, she

**MUST FILE** an amended petition for habeas corpus relief within twenty-one days of this Order. The Court **DIRECTS** the **CLERK** to include a 28 U.S.C. § 2254 habeas corpus form petition stamped with this case number with Petitioner's service copy of this Order.

If Petitioner intends to proceed with a federal habeas corpus action, she must (1) use the federal habeas corpus form petition provided by the Clerk of Court with this Order, and (2) specify each ground on which she seeks relief on her Richmond County conviction and the facts that support each ground. The Court advises Petitioner her amended petition will supersede and replace the pleadings she originally submitted to the Clerk of Court in the Northern District.

### III. Conclusion

If Petitioner does not intend to proceed with a federal habeas corpus action, she should notify the Court of her intent to withdraw the present petition and afterward pursue whatever action she deems appropriate to seek relief in state court. If Petitioner chooses to withdraw the current petition, she need not pay the $5.00 filing fee or submit an IFP motion. If Petitioner fails to respond within twenty-one days in accordance with the terms of this Order—either with an amended petition plus payment of the filing fee or submission of an IFP motion, or with a notice of intent to withdraw the pending petition—the Court will presume she wishes to dismiss the above-captioned petition and will recommend that this case be dismissed without prejudice.

SO ORDERED this 14th day of April, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA