IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALANA JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-026 |
| | ) | |
| STATE, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Lee Arrandale State Prison in Alto, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.   BACKGROUND**

On September 21, 2022, the Clerk of Court in the Northern District of Georgia received a "Motion to Set Aside" from Petitioner written on a state court form for motions to reduce or modify a sentence and contained the heading "District Court of Habersham County." (See doc. no. 1.) The filing was docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 26, 2023, Petitioner submitted a second, similarly captioned "Motion to Set Aside and Vacate Sentence and Release," also on a state form. (See doc. no. 2.) Because Petitioner's judgment of conviction was entered in the Superior Court of Richmond County, on March 15, 2023, United States Magistrate Judge J. Clay Fuller

transferred the case to the Southern District of Georgia. (Doc. no. 3); see Johnson v. State, 742 S.E.2d 460 (Ga. 2013).

On March 15, 2023, the Clerk of Court sent Petitioner a deficiency notice concerning the need for a motion to proceed *in forma pauperis* ("IFP") or payment of the $5.00 filing fee associated with § 2254 petitions. (See doc. no. 6.) The notice explained failure to correct the deficiency could result in dismissal. (See id.) On April 14, 2023, the Court extended Petitioner's time to submit her fee or motion, again cautioning dismissal for failure to comply. (Doc. no. 7.)

The Court further explained it could not determine whether Petitioner intended to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2254 due to Petitioner's use of state court forms. (See doc. no. 7.) If she sought federal habeas relief, the Court ordered Petitioner refile her petition on the standard form used by incarcerated litigants in the Southern District of Georgia.[1] (See id.) The Court also informed Petitioner in that Order that any future § 2254 petition will be subject to restrictions on "second or successive" filings, see 28 U.S.C. § 2244(b)(3)(A), and this case, should she choose to proceed with a federal habeas corpus petition, is her opportunity to raise all federal habeas claims she now believes she has. See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also In re Jones, No. 14-11256-A, slip op. at 3-4 (11th Cir. Apr. 9, 2014) (applying Castro principles to § 2254 petition). In that same Order, the Court also explained any petition filed pursuant to § 2254 is subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including the one-year statute of limitations and the requirement for exhausting the remedies available to

---

[1]The Clerk of Court provided Petitioner with the standard form when serving the Court's Order.

Petitioner by any state court procedure.  See 28 U.S.C. §§ 2244(d)(1) and 2254(b)(1)&(c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.")  The Court cautioned Petitioner if she failed to comply with the terms of the Order, the Court would presume she wishes to dismiss the current case.  (Doc. no. 7, p. 3.)

Petitioner did not respond with the required filings.  Instead, she filed a motion dated May 6, 2023, requesting "a continuance in [her] motion to set aside" but also stating her "claims before this court [have] merits . . . ."  (Doc. no. 9.)

## II.   DISCUSSION

The time to respond to the Court's prior Order has expired, and Petitioner has not submitted the filing fee, an IFP motion, or a habeas petition on federal forms.  Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009)

(*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to (1) submit a true habeas petition on federal forms or (2) pay the filing fee or move to proceed IFP evidences non-compliance with the Court's Order and the Clerk's deficiency notice and amounts not only to a failure to prosecute, but also an abandonment of her case. The Court cautioned Petitioner that failure to comply with the April 14th Order would result in a recommendation for dismissal. (See doc. no. 7, p. 3.) This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court what relief she intends to pursue. Cf. Mobin v. Mobin, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with multiple court instructions to select civil rights or habeas corpus relief). Indeed, because Petitioner does not even reference federal habeas relief in her state-court oriented motions, the Court is unable to even conduct initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Because Petitioner has not paid the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Further, the Court cannot discern what Petitioner requests in her motion for a continuance that also advocates for the merits of her case. (Doc. no. 8.) Regardless, her motion does not respond to or address the April 14th Order. Dismissal for failure to comply with the Court's prior Order is appropriate.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the "Motion to Set Aside and Vacate Sentence and Release" be **DENIED**, (doc. no. 2), the motion for a continuance be **DENIED**, (doc. no. 8.), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of May, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA